# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MARIO PEARSON,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:19-cv-00321

CAPTAIN THOMPSON, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Count II of Plaintiff's Complaint Alleging Infliction of Emotional Distress and Outrageous Conduct. (ECF No. 6.) For the reasons discussed more fully below, the Court **GRANTS** the motion. (ECF No. 6.)

### I. BACKGROUND

In his Complaint, Plaintiff alleges that Defendants, Correctional Officers employed by the West Virginia Regional Jail and Correctional Facility Authority and assigned to South Central Regional Jail where Plaintiff is housed, used excessive force against Plaintiff on or about October 28, 2017. (ECF No. 1-1 at 1, ¶ 2.) Specifically, Plaintiff alleges that Defendants unnecessarily sprayed him with Oleoresin Capsicum ("O.C."), restrained him, and then placed him in a restraint chair for an excessive period of time. (*See id.* at 2, ¶ 7.)

On January 30, 2019, Plaintiff filed this action in the Circuit Court of Kanawha County West Virginia, against Defendants regarding the above alleged excessive force incident alleging the following claims: assault and battery (Count I); intentional infliction of emotional

distress/outrageous conduct ("IIED") (Count II); and Violations of 18 U.S.C. § 1983 (Count IV)[1]. (*See id.* at 5–7.) Further, at the end of his Complaint, Plaintiff requests general damages, including those for "emotional and mental distress, among others." (*Id.* at 7.)

Defendants subsequently removed the action to this Court, (ECF No. 1), and filed the present motion to dismiss Count II. (ECF No. 6.) Plaintiff timely responded to the motion. (ECF No. 8.) Defendants did not file a reply. As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are

---

[1] There is no Count III.

required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

### III. DISCUSSION

In their motion to dismiss, Defendants argue that any emotional damages claims must be dismissed as a matter of law because they are duplicative of Plaintiff's assault and battery claims as, under West Virginia law, emotional damages are recoverable under assault and battery claims. (ECF No. 7 at 4.) The Supreme Court of Appeals of West Virginia has stated that "the law does not permit a double satisfaction for a single injury simply because [the plaintiff] has two legal theories." *Harless v. First Nat'l Bank*, 289 S.E.2d 692, Syl. Pt. 7 (W. Va. 1982). The Court further held in *Criss v. Criss*, 356 S.E.2d 620 (W. Va. 1987), that "[b]ecause an action for assault and battery allows for recovery of damages due to resulting emotional distress, a claim for the tort of outrageous conduct is duplicitous of a claim for assault and battery." *Id.* at Syl. Pt. 4.

This District has applied the above precedent to motions to dismiss in cases in which the plaintiff pled both assault and battery and IIED from the same event. For example, in *Kelly v. West Virginia Regional Jail*, No. 2:18-cv-01074, 2019 WL 2865863, at *1 (S.D. W. Va. July 2, 2019), this District dismissed the plaintiff's "outrage/intentional and/or reckless infliction of emotional distress claims" stemming from an alleged beating he received from the defendant correctional officers for being duplicative of the plaintiff's assault and battery claims. *See id.* at *3. In so finding, the Court, applying *Criss*, stated the following:

> In Count I, plaintiff claims the defendant correctional officers committed an assault and battery. Under that count [the plaintiff] may recover damages resulting from

3

> the emotional distress caused by the intentional torts committed by the defendant correctional officers. Accordingly, plaintiff's Count II claim for intentional infliction of emotional distress or outrageous conduct is duplicative and is dismissed as to all defendants.

*See id.*

Similarly, in *Searls v. West Virginia Regional Jail & Correctional Facility*, No. 3:15-cv-9133, 2016 WL 4698547, at *1 (S.D. W. Va. Sept. 7, 2016), this District dismissed the plaintiff's outrage claims as duplicative of the plaintiff's assault and battery claim at the motion to dismiss where both claims stemmed from the same event—i.e., the plaintiff's alleged sexual assault by the defendant correctional officers. *See id.* at *4.

Here, in Count I, Plaintiff alleges that Defendants are liable for assault and battery of Plaintiff for spraying him with O.C. without just cause. (ECF No. 1-1 at 5, ¶ 11.) In Count II, Plaintiff reincorporates the allegations in the previous paragraph and alleges that Defendants caused Plaintiff to suffer severe emotional distress when they sprayed Plaintiff with O.C. and physically battered him. (*See id.* at 5–7, ¶¶ 14–15.) Thus, a plain reading of the Complaint shows that Plaintiff is seeking to recover under his IIED claim for the same events that he is seeking recovery from under his assault and battery claim.

Plaintiff argues that his IIED claim stems from a separate event than his assault and battery—i.e., his time in the restraint chair. (*See* ECF No. 8 at 3–4.) However, that argument is inconsistent with the Complaint as the Complaint alleges the same events, the use of O.C. spray, under each count. As Plaintiff can recover damages from emotion distress through his assault and battery claim, his IIED claim is duplicative and must be dismissed. *See Kelly*, 2019 WL 2865863, at *3.

Plaintiff lastly argues that the motion is premature as he is allowed to plead alternative legal theories under Federal Rule of Civil Procedure 8(d)(2). (*See* ECF No. 8 at 4–5.) Federal Rule of Civil Procedure 8(d)(2)–(3) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones . . . regardless of consistency." However, the Supreme Court of Appeals of West Virginia's decisions in *Harless* and *Criss* and the application of the legal principles established in those cases by that Court and this District demonstrate that a plaintiff may not plead claims that give rise to duplicative damages even at the motion to dismiss stage. *See Harless*, 289 S.E.2d at Syl. Pt. 7; *see also Kelly*, 2019 WL 2865863, at *3; *Stump v. Ashland*, 499 S.E.2d 41, 50–51 (W. Va. 1997) (applying *Criss* to a motion to dismiss an emotional distress claim for being duplicative of a wrongful death claim).

### IV. CONLUSION

For the reasons discussed more fully herein, the Court **GRANTS** Defendant's motion to dismiss Count II, (ECF No. 6), and **DISMISSES** Count II of the Complaint.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 29, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE